CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **JOSEPH WAYNE CARROLL, II,**  )  <br> Plaintiff,                     )  <br>                                             )  <br> v.                                         )  <br>                                             )  <br> **MAJOR NATHAN G. KILGORE,**     )  <br> Defendant.                           )  | Case No. 7:24-cv-00582 <br><br> By: Michael F. Urbanski <br> Senior United States District Judge |

## MEMORANDUM OPINION

Joseph Wayne Carroll, II, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is now before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the court concludes that the amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

According to the amended complaint, Carroll is currently incarcerated at the Southwest Virginia Regional Jail in Abingdon, Virginia. Am. Compl., ECF No. 1, at 2. Carroll alleges that he has been "held on a violation of probation without bail for 3 months with it not being [his] fault." Id. He also alleges that he is subject to a "federal hold" and that he is being detained at the jail "without any reason other than [he] can't do anything about it whatsoever." Id.

State court records available online indicate that Carroll has probation violation charges pending against him in the Circuit Court of Wise County, Virginia, and that his request to be released on bond was denied on August 5, 2024. See Commonwealth v. Carroll, Nos. CR19F00275-03, CR19F00528-03 (Wise Cnty. Cir. Ct.), available at https://eapps.courts.state.va.us/ocis/search (last accessed Dec. 10, 2024). In his request for relief, Carroll asks that the "entire family" be sent to the "penitentiary." Id. at 3.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.    Discussion

Carroll filed the instant action under 42 U.S.C. § 1983. "A civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement [in state custody], but not the fact or length of the confinement." Brown v. Johnson, 169 F. App'x 155, 156 (4th Cir. 2006) (citing Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973)). In order to challenge the fact or duration of the confinement, an inmate in state custody "must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005)).

Carroll's amended complaint does not challenge his conditions of confinement at the Southwest Virginia Regional Jail. Instead, it challenges the fact of his confinement. Such challenge is not cognizable under § 1983. Id.; see also Manuel v. City of Joliet, 903 F.3d 667, 670 (7th Cir. 2018) (explaining that "the right way to contest ongoing state custody is by a petition for a writ of habeas corpus . . . , not by an action under § 1983"); Gonzalez v. Bodiford, No. 2:24-cv-00790, 2024 U.S. Dist. LEXIS 177284, at *4 (D.S.C. Sept. 30, 2024) (noting that "the removal or

2

alteration of a detainer is not cognizable in a § 1983 action" and that a § 1983 action is not the appropriate vehicle for seeking "to be granted bail and released") (alterations and internal quotation marks omitted).

Additionally, the only relief requested in Carroll's amended complaint—apart from being released from custody—is that other individuals be sent to prison. The court has no authority to take such action. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . , a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Lewis v. Jindal, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.").

## IV. Conclusion

For the foregoing reasons, the court concludes that Carroll's amended complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, the action is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 20:36:41
-05'00'

Michael F. Urbanski
Senior United States District Judge

3